### RYLAND D. SHERMAN

*v.*

### JOHN J. BRUCE.

ACTION OF REPLEVIN—*incompetency of witness.* In an action of replevin, by the agent of the mortgagee of personal property, levied upon under execution, by a creditor of the agent, as his property, the mortgagee is not, as between the agent and the creditor, a competent witness for the former. A recovery by the agent, is, in effect, a recovery by the mortgagee, and he will not be permitted to testify in his own favor.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action of replevin, commenced in the Kankakee Circuit Court, by William M. Bruce, against Ryland D. Sherman, to the April term, 1863.

A writ was issued on an affidavit made by *John J. Bruce,* who, being duly sworn, " says he is, as agent of William M. Bruce, now lawfully entitled to the possession of the following described goods and chattels, to wit: one span of grey horses, one double wagon, and one set of double harness, of the value of two hundred dollars, and that the same are wrongly detained from him, by one R. D. Sherman, and that the same have not been taken for any tax, assessment or fine, levied by virtue of any law of this State; nor seized under any execution or attachment against the goods and chattels of said John J. Bruce, liable to execution or attachment."

A declaration was filed March 17th, 1863, by *John J. Bruce*, wherein he complains that "the defendant took the following goods and chattels, wares and merchandise, to wit: one span of grey horses, one double wagon, one set of double harness, from the possession of the said plaintiff in possession thereof, as agent of William M. Bruce, and unjustly detained the same against sureties and pledges until, &c., and thereupon, the said plaintiff, by George W. Parks, his attorney, complains for that the said defendant, on the 7th day of March, 1863, in the county of Kankakee, State of Illinois, took the cattle, goods and chattels, wares and merchandise, to wit: one span of grey horses, one double wagon, one set of double harness, from the possession of the said plaintiff; in possession thereof as agent of the said William M. Bruce, of great value, to wit: of the value of two hundred dollars, and unjustly detains the same against sureties and pledges, &c."

The name of the plaintiff was changed to John J. Bruce, and leave given the sheriff to file his return.

The defendant filed six pleas :

1.   The general issue.
3.   Property in defendant.
4.   Possession and right of possession in the defendant.
5.   Possession in defendant as a constable.
6.   Justification by defendant, by a levy upon the property replevied, by virtue of an execution issued by R. Ashley, a Justice of the Peace, against the goods and chattels of William C. Mack, John J. Bruce and Warren C. Mack; $64.80 debt; costs $3.15, in favor of Barber, Hadley & Co.; and that defendant was at the time, &c., a constable of said county and State, and avers that the property was John J. Bruce's.

Plaintiff filed replications to each of said pleas.

At the December term, 1863, a trial was had, before the court and a jury; and on the trial, plaintiff introduced William M. Bruce, the mortgagee of the property in dispute, as

·a witness; and to recover which, plaintiff, as his agent, had brought the suit; defendant objected, but his objection was overruled, and the witness was admitted; and defendant excepted. The jury returned a verdict in favor of plaintiff; and defendant entered a motion for a new trial, which was overruled; and the court rendered a judgment on the verdict, in favor of plaintiff, for "one cent damages and costs." Defendant below brings the case to this court, by writ of error, and insists that the court, among other things, erred in admitting William M. Bruce to testify in the case.

Mr. STEPHEN R. MOORE for plaintiff in error:

William M. Bruce is not a competent witness for the plaintiff. His interest is a direct, immediate interest; if the theory of the prosecution is correct, the property is witness' property; he might have maintained replevin himself, as, indeed, was undertaken to be done in this case. If plaintiff holds the property, then witness holds it; as well might he have been sworn, if the suit was in his own name. 1 Greenleaf, 440 Et Seq.

He is directly interested in having a particular verdict and clearly incompetent. *Favor et al.* v. *Marlett*, 1 Gilm., 388; *Marks et al.* v. *Butler et al.*, 24 Ill., 568.

"A witness, where title is set up by his agent, a defendant in replevin, is incompetent for the defendant." *Russel* v. *McKenzie*, 13 Maryland, 560.

This is the case at bar. If he could not be a witness to sustain the title in the agent as defendant, he could not be a witness to sustain his title as plaintiff.

Mr. M. B. LOOMIS for the defendant in error:

This action was not brought to determine the general ownership of the property replevied, but the plaintiff having a special property in the chattels, as agent, brought this action to recover his own special interest therein, as he legally might do, in his own name, and independent of his principal, and

the only object in showing, by the testimony of William M. Bruce, that the said property was taken possession of by said William M. Bruce, under and by virtue of the chattel mortgage, and by him placed in the hands of the plaintiff, as his agent, to be kept, according to the terms of the agreement, between them, was, to establish the special interest of the plaintiff, and not to show the title or interest of the witness in and to the property. The general ownership was not, therefore, determined, nor brought in question, and only the right of possession was passed upon, nor was it necessary to be determined. *Warner* v. *Mathews*, 18 Ill., 83; *King* v. *Ramsey*, 13 Ill.. 519; 1 Greenlf. Ev., sec. 408; *Illinois Mutual Fire Ins. Co.* v. *Marscelles Manufacturing Co.*, 1 Gil., 236; 1 Greenlf. Ev., sec. 289; *Bailey* v. *Burton*, 8 Wend., 347; *Duel* v. *Fisher*, 4 Denio, 515; *Curtenius* v. *Wheeler*, 5 Gilm., 462.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the court:

The only question which we propose to consider, is, whether William M. Bruce was a competent witness. It appears from his testimony, that defendant in error, being indebted to the witness, had executed to him a mortgage on the property in controversy, to secure its payment. Defendant in error was at the time residing on the farm of witness. Afterwards, in the following year, William and defendant entered into an agreement, by which the latter, for the sum of two hundred and fifty dollars per annum, agreed to labor upon, and conduct the farm, and attend to the stock thereon, and which might afterwards be placed upon the farm, by his brother William. At the time this arrangement was entered into, William took possession of the mortgaged property and delivered it to defendant in error, to be kept as the agent of William. Afterwards, in March, 1863, the property in dispute was levied upon, and taken by plaintiff in error, by virtue of an execution against defendant in error, and other persons. And on the day of the levy, it was replevied by

defendant in error.   On the trial below, William M. Bruce, the mortgagee of the property in dispute, was admitted as a witness against the objections of plaintiff in error.   The trial resulted in a verdict and judgment in favor of defendant in error.

The record shews, that the suit was instituted by defendant in error, as the agent of William M. Bruce, the mortgagee.   The latter was, therefore, the real party in interest. A recovery by his agent, would be a recovery in effect by him.   A recovery by defendant in error, would restore the possession to him, as his agent could not deny his title ; and the possession of this agent would be his.   It then follows, that he was as fully interested in the event of the suit as if he had been the plaintiff on the record.   He was called to testify in favor of his own interest, and was therefore incompetent, and should have been excluded.   In admitting him to testify, the court below erred.   There being no other evidence for plaintiff below, when this is excluded, there is nothing left to support the judgment; and it must be reversed, and the cause remanded.

*Judgment reversed.*